## SUPREME COURT.

MURPHY AND OTHERS agt. BELL AND OTHERS.

An *assignment* for the benefit of creditors, which directs that the assignees are
to convert the assigned estate into money "*within such convenient time as
to them shall seem meet, and as shall be most conducive to the interests of
all parties concerned,*" is *bad,* because it undoubtedly authorizes a sale on
credit.

*Monroe Special Term, January,* 1853.   This action was
brought by the plaintiffs who were judgment creditors of the
defendant, Bell, in order to reach certain property in the hands
of the defendants, Gilmore and Ward, who were the assignees
of the defendant, Bell.   The defendants, in their answer, set
forth the assignment as their authority for receiving and hold-
ing the property, and the plaintiffs demurred to the answer.

JOHN PORTER, *for Plaintiffs.*
P. G. CLARK, *for Defendants.*

WELLES, Justice.—The assignment in this case cannot, in
my judgment be upheld.

After transferring all the property of the defendant, Bell,
the assignor, upon certain specified trusts, it provides that the
defendants, Gilmore and Ward, the assignees, shall forthwith
take possession, " and within such convenient time as to them
shall seem meet, and as shall be most conducive to the interests
of all parties concerned, by public or private sale, for the best
prices that can be obtained for the same, shall convert all and
every of the said lands, tenements and hereditaments, goods,
chattels and merchandize, debts and sums of money due, and
to become due, and all the securities taken for the same, into
money, and as soon as possible collect the debts, sum and sums
aforesaid; and after deducting the costs and charges of the
trusts before mentioned, and of drawing and executing these
presents, shall pay and apply the moneys arising therefrom, in
manner following, that is to say :" &c.

Murphy and others agt. Bell and others.

Here is a discretion conferred upon the assignees, inconsistent with the rights of creditors. They are to convert the assigned estate into money, *within such convenient time as to them shall seem meet, and as shall be most conducive to the interests of all parties concerned.*

It cannot be doubted, I think, that this was an authority to sell on credit. If it should seem to the assignees meet and most conducive to the interests of all parties concerned, (including that of the assignor,) to sell on credit, they have not only the power, but it would be their duty to do so. That a sale on credit was contemplated, is further evident from the direction to convert the estate assigned " *and all securites taken for the same,* into money." The securities referred to can mean no others than such as should be taken by the assignees upon the sales of the assigned property. If they were to be sales for money, why take securities? This is a power which the debtor has no right to confer. It is the right of the creditor to have his debtor's property immediately appropriated to the payment of his debts, without having the question of time left to any one to decide. That a provision authorizing the assignee to sell on credit in such a case, renders the assignment void, is now too well settled to require argument or authority to prove.

The case of Woodburn and others agt. Mosher and others, (9 *Barb. S. C. R.* 255,) is on all fours with the present, to show this assignment void.

The assignment under consideration also authorizes the assignees to compromise and agree for all and any part of the debts assigned, as they may deem meet, and upon such composition or other agreement to make due acquittance and release, &c. This provision, I think, also vitiates the assignment. The effect of the assignment, assuming its validity, is to put the assignor's effects beyond the reach of his creditors; and while the law reluctantly tolerates it in any case, it will not uphold the transaction, when it attempts to confer an authority or discretion upon the assignee, more extensive. or

liable to greater abuse than that which the law itself possesses through its agents and ministers.

The assignment, to be good, must devote the debtor's estate unreservedly and unconditionally to the payment of his debts.

The plaintiff is entitled to judgment on the demurrer.